### JOHN F. MOHRMAN *v.* AUGUSTE OHSE.

Malicious slander will be punished by damages, and the verdict of the jury and judgment of the court below sustained.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *W. D. Hennen, M. A. Foute* and *J. M. Maurian* for defendant and appellant.

*Budd & Lambert for plaintiff.*—Respectfully call the attention of the court to the following cases : *Kendrick* v. *Kemp*, 6 N. S. p. 501. *Carlin* v. *Stewart*, 2 L. R. p. 74. *Juice* v. *Harvey*, 14 L. R. p. 198. *Miller* v. *Holstein*, 16 L. R. p. 389. *Feray* v. *Foote*, 12 An. p. 894. Louisiana Code, 1928, 2294, 2295. 2 Starkie, p. 461, and notes.

ILSLEY, J. This is an action for slander, in which the plaintiff claims of the defendant five thousand dollars damages. The general issue was pleaded, and on a verdict of the jury, judgment was rendered in favor of the plaintiff for the sum of one thousand dollars without interest; and after an ineffectual attempt to obtain a new trial, the defendant appealed.

It was proved conclusively in the trial of the case, that the slanderous words and epithets charged were uttered, to and against the plaintiff, at the office of the justice of the peace, wherein the plaintiff was employee as a deputy constable; and this, too, in the presence of his employer and that of other persons.

Had the slanderous words been uttered in an ebullition of passion, the bystanders would have probably attached to them but little weight, but after denouncing the defendant as "a damned thief;" a "damned scoundrel," and a damned perjurer:" he concludes, by saying: "I take the whole of you as witness that I say so;" which was very well calculated to produce the impression that he was serious in his denunciation; and if they were untrue, the malicious motive by which he was actuated in thus slandering the plaintiff, is but too evident, the more particularly as it was in the presence of the employer of the plaintiff, and was calculated, from the nature of the epithets used, to destroy his confidence in him.

The judge and jury of the vicinage, who tried the case, have affixed

the damages, notwithstanding the attempt of the defendant to impugn the character of the plaintiff on the trial, and we therefore see no reason to diminish them. See 2294. *Cook* v. *Tardos*, 6 Al. 779.

Mohrman<br>v.<br>Ohse.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, costs of appeal to be paid by appellant.

JONES, J., absent.