CHARLES F. JOHNSON *vs.* WILLIAM S. ALBERTSON.

Argued Oct. 20, 1892.  Decided Nov. 21, 1892.

**Parol Demise Void under Statute of Frauds not Evidence of Term.**
At no time can a parol demise, void under the statute of frauds, be resorted to for the purpose of ascertaining the duration of the term of the tenant.

**Tenancy from Year to Year not Shown.**
In the case of urban property, occupation thereof, and monthly payments of rent, as from month to month, are insufficient, standing alone, to indicate an intention to create a yearly tenancy.

Appeal by defendant, William S. Albertson, from a judgment of the Municipal Court of the City of Duluth, *Powell,* J., rendered May 27, 1892.

Charles F. Johnson made complaint May 17, 1892, in the Municipal Court of the City of Duluth that Albertson wrongfully detained from him the possession of the ground floor and basement of No. 323 West Superior street, Duluth; that Albertson was his tenant from month to month at a rent of $150 a month in advance; that he had duly given Albertson a month's notice to quit, and he asked judgment of restitution.  A summons was issued and Albertson was served.  He appeared and answered that he was tenant from year to year.  After the evidence was all given, the court instructed the jury to return a verdict for the plaintiff.  They did so on May 26, 1892, and defendant asked a stay of all proceedings for twenty days to enable him to make a case and appeal.  The court refused the request.

*Hollembaek, Snapp & Bloomfield,* for appellant.

Defendant claims that in February, 1889, he had negotiations with Johnson concerning the leasing of the store from him when it should be built; that Johnson stated that the rent would be $1,800 per year.  The store was not completed until September, 1889.  On September 15, 1889, he took possession, paying Johnson $150, one month's rent, in advance.

There was a proposition by plaintiff in February, 1889, to lease the building to defendant when completed at an annual rent of $1,800. September 15, 1889, the defendant assented to the proposition, thus constituting a contract. The conduct of the parties since, and the character of the possession and occupation of the premises has been such as to take the contract out of the operation of the statute of frauds. Entry under a void lease for years creates a yearly tenancy; and a tenant holding over after the first year becomes liable for at least another year's rent. *Coudert* v. *Cohn*, 118 N. Y. 309; *Laughran* v. *Smith*, 75 N. Y. 205; *Reeder* v. *Sayre*, 70 N. Y. 180; *Doe* v. *Terry*, 4 Ad. & E. 274.

*Draper, Davis & Hollister*, for respondent.

A party who enters into the possession of the premises under a verbal lease which is void under the statute of frauds, agreeing to pay rent monthly, and who pays the rent a while, will become a tenant from month to month. *Wheeler* v. *Frankenthal*, 78 Ill. 124; *Warner* v. *Hale*, 65 Ill. 395; *Haines* v. *Beach*, 90 Mich. 563; *Jellett* v. *Rhode*, 43 Minn. 166; *Sanford* v. *Johnson*, 24 Minn. 172; *Engels* v. *Mitchell*, 30 Minn. 122.

COLLINS, J. If there was any agreement whatsoever made between these parties in reference to a leasing of plaintiff's building, it must have been made in the month of February, 1889, when plaintiff stated that he would erect a building for defendant's use, and the latter replied that he would take it, when erected, at a stipulated rental. The contention of defendant's counsel that the contract was actually made or concluded on September 15th is untenable, because at that time nothing transpired save plaintiff's verbal notice that rent would have to be paid from that day, and defendant's payment, for which a receipt was given, rent "for one month, ending Oct. 15th, 1889." The bargain, whatever it may have been, was made in the month of February, as before stated; and, giving to defendant the benefit of all doubt as to the import and effect of the conversation held with plaintiff at that time, it amounted to nothing more than an agreement for the use and occupation of plain-

tiff's building for at least one year from a future day,—when it should be erected, and ready for occupancy. In September following, defendant moved into the building, paying his rent monthly in advance, and remained for more than two years. After one month's notice to vacate, plaintiff landlord commenced this action under the provisions of 1878 G. S. ch. 84.

On the facts this' case is much like that of *Jellett* v. *Rhode*, 43 Minn. 166, (45 N. W. Rep. 13,) the difference being that the tenant, Rhode, against whom that action was brought to recover rent for the month of October, had occupied the premises less than two months, moving out September 28th. It was there held that a parol lease of real property for the term of one year, to commence *in futuro*, was invalid under the terms of our statute of frauds, and the landlord could not be allowed to recover. The effect of the actual entry and occupation of the premises, with payment of rent in two monthly installments, was not discussed in the opinion, although argued by counsel for the plaintiff; the authorities cited being, in most instances, those now referred to by this appellant, and from the New York courts. It is evident that this case must be controlled by the conclusion reached in the Jellett Case, unless the entry, occupation, and payment of rent in monthly installments for about two and a half years rendered the tenancy a tenancy from year to year. As was said in the recent case of *Talamo* v. *Spitzmiller*, 120 N. Y. 37, (23 N. E. Rep. 980,) there appears to have been some confusion in the cases in that state upon this subject. But it now seems to be settled that an entry under a void lease for years, or under a void lease for one or more years, to commence *in futuro*, followed by payment of rent, may create a yearly tenancy, if the tenant holds over upon the expiration of the first year. The mere fact of entry does not have that effect, and the creation of a tenancy from year to year depends upon something more than occupation for part of a year. While it is not required that a new contract be made in express terms, there must be something from which it may be inferred.

Most of the authorities in this country as well as in England seem to agree that an entry under a parol demise, void under the statute

of frauds, creates, in the first instance, an estate at will, strictly so called, which in time may become a tenancy from year to year by payment of rent, or through other circumstances indicating an intent to create such yearly tenancy.   But confusion arises among the adjudicated cases as to when a payment of rent will be held to indicate an intent to create the yearly tenancy.   Certainly it is not every payment of rent which is indicative of this intent; so that when it is stated that the tenant at will becomes a tenant from year to year "by payment of rent," the payment must mean payment with reference to a yearly holding.   And right here is where many of the cases seem at fault in referring back to the terms of the oral lease in order to ascertain whether the payment was made with reference to a yearly holding.   If the void lease can be looked at for the purpose of determining the duration of the term, the statute of frauds is evaded beyond doubt; and the question whether the payment of rent was made with reference to a yearly, monthly, or any other holding should be determined without reference to the void demise.   When urban property is involved, as in this instance, occupancy and monthly payments as for each month's rent are insufficient, standing alone, to indicate an intention to create a yearly tenancy.   These acts cannot be construed as indicative of anything more than an intention to create a tenancy from month to month, and the effect thereof cannot be changed by the mere length of time the occupation has continued.   If the void lease cannot be referred to during the first twelve months for the purpose of determining the duration of the term, (and all of the recent authorities go to this extent,) it is inconsistent and illogical to say that by the lapse of time, and by the payment of rent after the expiration of the first year, precisely as it was paid before, the inference of a new and valid contract arises, which, in the absence of proof to the contrary, must control.   Yet this has been asserted repeatedly, as will be seen by an examination of the cases collated in notes to *Doe* v. *Bell*, 2 Smith, Lead. Cas. 177, and *Clayton* v. *Blakey*, Id. 179.   We are of the opinion that at no time can a parol demise, void under the statute of frauds, be resorted to for the purpose of ascertaining the duration of the term.   See, in this connection, *Warner* v. *Hale*, 65 Ill. 395; *Wheeler* v. *Frankenthal*, 78

Ill. 124; *Brownell* v. *Welch,* 91 Ill. 523; *Haines* v. *Beach,* 90 Mich. 563, (51 N. W. Rep. 644.) Assuming, therefore, that there was a void parol lease for one year entered into between these parties, there was presented no competent evidence at the trial tending to show an intention to create anything more than a tenancy from month to month.

It may be well to observe that, in deference to the authorities on the subject, this court (but evidently with great reluctance) held in *Evans* v. *Winona Lumber Co.,* 30 Minn. 515, (16 N. W. Rep. 404,) that, where à tenant entered into possession under a void lease, it regulated the terms of the tenancy as respects rent.

There is nothing in appellant's assignment of error respecting the refusal of the court to grant him a stay of proceedings for twenty days on the coming in of the verdict.

Judgment affirmed.

MITCHELL, J., did not sit.

(Opinion published 53 N. W. Rep. 642.)