## Thom v. Hess.

1. SHORT CAUSE CALENDAR—*Discretion of the Court.*—It is discretionary with the court to stop the trial of a cause on the short cause calendar after more than an hour has been consumed in its trial.

2. COMPROMISE—*Offers of, not Binding.*—Offers of compromise do not bind; but admissions or statements of the facts are evidence, though made in an endeavor to effect a settlement.

**Memorandum.**—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1893, and affirmed in part. Opinion filed February 13, 1894.

Thom v. Hess.

The statement of facts is contained in the opinion of the court.

William Brace, attorney for appellant; Defrees, Brace & Ritter, of counsel.

J. M. Hess, attorney for appellee; Stapp & Arnold, of counsel.

Mr. Justice Gary delivered the opinion of the Court.

This action is for the value of a trunk and contents, lost from the wagon of the appellant, as the appellee was about to depart on a journey the day after her wedding.

The case was tried on a short cause calendar, and one of the errors assigned is that the court kept on with the trial, against repeated objections by the appellant, after more than an hour had been taken. If the discretion of the court as to stopping the trial is to be controlled in any case, it would not be where it appeared that the defense had been unduly protracted.

The instructions for the appellee are faulty in assuming that the appellant was a common carrier, but it is so clear that he was, if we apply our common knowledge, as a jury would and ought to do, of usual business methods, that the faults may be disregarded.

But one instruction is erroneous. In the interviews between the appellant and the husband of the appellee acting for her, after the loss, as to paying for the trunk and contents, an inventory was presented to the appellant, amounting to $262.20, which evidence tended to show was made by the husband, dictated by the appellee. The instruction is:

" The jury are instructed that any evidence in reference to the value of the trunk and its contents, which was the result of any conversation in reference to a settlement or compromise between the plaintiff and the defendant of the matter of controversy, is incompetent, and shall not be considered by you in determining the value of the said trunk and its contents."

Offers of compromise do not bind; but admissions or statements of the facts are evidence, though made in an endeavor to effect a settlement.   1 Greenleaf, Ev., Sec. 192.

This error, however, only affects the amount of the verdict, and the appellee having remitted from the judgment of $350 the excess, the judgment will be affirmed for $262.20, at the cost of the appellee.   Affirmed in part.

OPINION OF MR. JUSTICE GARY ON PETITION FOR REHEARING.

We omitted to notice in the original opinion the alleged error in denying a motion in arrest of judgment.   The case was commenced by John M. and Luvenia Hess.   All the pleadings remain so.   At the trial an order was made thus : " On motion of plaintiff's attorney it is ordered that all papers and proceedings in said cause be, and are hereby amended by discontinuing as to the co-plaintiff, J. M. Hess." Inartificial as this may be, the objection that no change was made in the pleadings is purely technical, and if Sec. 6 of Chap. 7, R. S., is to have any effect, should be disregarded.

It is not like Ogden v. Town of Lake View, 121 Ill. 422, where leave to introduce a substantial matter was granted, but never acted upon.   Here, so far as the pleadings can be affected by an order of record, the amendment is made.   We have hitherto disregarded similar objections.   Bensley v. Brockway, 27 Ill. App. 410; Wis. Cent. Ry. v. Weiczorck, No. 4796, last term.   Petition denied.