FRED ROGERS *et al. vs.* JONAS F. BROWN.

Argued May 3, 1894.   Affirmed May 8, 1894.

No. 8670.

Findings sustained by the evidence.
Evidence *held* to sustain findings of fact.

Appeal by plaintiffs, Fred Rogers and Louisa H. Stickney, from a judgment of the District Court of Hennepin County, *Henry G. Hicks*, J., entered October 5, 1893, that they take nothing by their action.

On May 18, 1885, Louisa H. Stickney and W. S. Porter leased to Bernhard A. Kruse and L. G. Eichelzer the brick store and basement No. 248 Nicollet Avenue, Minneapolis, for three years at a rent of $175 a month in advance for the first year and $250 a month for the other two years. They continued to occupy and to pay rent at the last named rate for some time, when Eichelzer sold and assigned his interest to Kruse who continued in possession until he made a general assignment for the benefit of his creditors. His assignee sold the stock of goods on March 26, 1890, to the defendant, Jonas F. Brown, and on that day assigned all his rights to the occupancy of the premises and delivered possession to him. He entered and occupied thereafter as tenant from month to month with the owners' consent and paid the rent to December 1, 1891. Porter sold and conveyed his half interest in the store June 22, 1891, to Fred Rogers. Defendant gave plaintiffs written notice

October 30, 1891, that he should deliver to them possession and cease to occupy the premises on November 30, 1891. He went out of possession on the day named. The premises remained vacant for over four months thereafter and plaintiffs brought this action to recover of defendant rent at said rate for the time the premises were unoccupied. A jury was waived, the court made findings and ordered judgment for defendant. It was entered and plaintiffs appeal.

*B. W. Smith* and *C. H. Rossman,* for appellants.

*George R. Robinson,* for respondent.

GILFILLAN, C. J.    If the findings of fact—that the parties made an agreement renting the premises from month to month, and that they were occupied under that agreement from May 1st until November 30th, and that the monthly rent for that period was paid, and that the notice set out in the record was served—are supported by the evidence, the plaintiffs had no cause of action.

As to the agreement, the evidence was not very abundant; but we think, taken in connection with the circumstances known to both the parties, a finding either way would have to be sustained. The term of Kruse, when he made an assignment, was that of tenant from year to year. The assignee seems to have accepted the assignment of the lease; and, when defendant went into possession of the premises by his authority, he would probably be held, as matter of law, to be in as successor of Kruse. But though both parties knew how much the rent was, and that it was payable on the 1st day of each month, in advance, defendants did not know, as a fact, what Kruse's or the assignee's tenure was, and the lessors did not know how he was in possession. To make certain who was responsible for the rent, the lessors had an interview with defendant. According to his version of what passed,—and it was for the trial court to determine whether it was true,—they asked if he would sign a lease, and he told them "No;" that he would pay rent as long as he occupied, and no longer, and they could have the premises when they wanted them,—to which they said "Well," and left.

The trial court might from this understand that there was an assent to defendant's proposition. If assented to, it created a tenancy at will; and the previous rent being $250 per month, payable

on the 1st day of each month, in advance, and no change in these respects being suggested, the court might find that they were understood by the parties as continuing under the new arrangement, and as fixing the periods for the payment of rents, and for service of notice to terminate the tenancy under the statute. It is not denied that the rents were paid to and including the month of November. On the 31st of October, notice on behalf of defendant, of the termination of the tenancy on November 30th, was served on the lessors. Although plaintiffs make some question of it, there can be little doubt it was served by authority of defendant.

The findings of fact were sustained by the evidence.

Judgment affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 981.)