HIRAM BACKUS *vs.* EMIL F. STERNBERG.

Submitted on briefs Nov. 8, 1894. Reversed Dec. 13, 1894.

No. 9032.

**Collateral parol agreement not merged in the written contract.**

*Held*, that the allegations found in the answer herein, respecting the making of a collateral parol agreement between plaintiff and defendant, were not inconsistent with, nor did they qualify, the terms of the written lease set forth in the complaint, and admitted by the answer; and that said allegations made an issue to be disposed of on trial.

**Facts held to create a tenancy from month to month.**

The rule laid down in *Johnson* v. *Albertson*, 51 Minn. 333, as to the effect of certain acts as indicating an intention to create a yearly tenancy of urban property, applied to the pleadings in this action.

Appeal by defendant, Emil T. Sternberg, from a judgment of the Municipal Court of the City of St. Paul, *H. W. Cory*, J., entered March 24, 1894, against him for $160 and interest and costs.

The plaintiff, Hiram Backus, was on May 9, 1892, mortgagee in possession of the Hotel Barteau in St. Paul and so continued for more than a year thereafter. On that day he by an agreement in writing signed by the parties leased to defendant apartment No. 44 in that Hotel for the term of six months commencing June 1, 1892, and defendant therein agreed to pay plaintiff rent therefor at the rate of forty dollars per month payable on the first day of each month in advance. At the same time it was orally agreed between the parties that on the expiration of said term of six months defendant should continue in the possession of the apartment as tenant at will and pay the same rent monthly in advance so long as he occupied it. Defendant entered and paid the rent each month as agreed for eight months. On December 31, 1892, he gave plaintiff notice that on January 31, 1893, he would vacate the apartment and deliver to him the possession. He did so on that day. On December 22, 1893, plaintiff brought this action to recover of defendant $160 rent for four months, from January 31, to June 1, 1893, claiming that defendant by holding over after the expiration of the first six months became tenant from year to year. Defendant answered and plaintiff replied. The facts

above stated appeared from the pleadings. The cause came to trial February 24, 1894. At the opening of the case plaintiff moved for judgment on the pleadings, claiming the written contract to be a complete and final statement of the whole agreement between them and that the oral negotiations had at and before its execution were merged therein; that by holding over and paying rent after the expiration of the first six months defendant became tenant from year to year. The trial court adopted this view and ordered judgment for the plaintiff for the amount claimed. Judgment was so entered and defendant appeals.

*Edward J. Cannon*, for appellant.

The two agreements having been made simultaneously, one oral and another in writing, neither of which in any manner varies, alters or adds to the other, both are valid and the oral agreement is not merged in the written. *Erskine* v. *Adeane*, L. R. 8 Ch. Ap. 756; *Shughart* v. *Moore*, 78 Pa. St. 469; *Powelton Coal Co.* v. *McShain*, 75 Pa. St. 238; *Welz* v. *Rhodius*, 87 Ind. 1; *Lewis* v. *Seabury*, 74 N. Y. 409; *Bown* v. *Morange*, 108 Pa. St. 69; *Basshor* v. *Forbes*, 36 Md. 154; *Guidery* v. *Green*, 95 Cal. 630; *Chapin* v. *Dobson*, 78 N. Y. 74; *Wallrich* v. *Hall*, 19 Minn. 383; *Bonney* v. *Marrill*, 57 Me. 368; *Phœnix Pub. Co.* v. *Riverside Clothing Co.*, 54 Minn. 206; *Domestic Sewing Machine Co.* v. *Anderson*, 23 Minn. 57; *Healy* v. *Young*, 21 Minn. 389; *Jordan* v. *White*, 20 Minn. 91.

Plaintiff's cause of action as alleged by him, rests on the presumption of law, that where a tenant holds over after the expiration of a term, no evidence of any other understanding appearing, he elects to remain a tenant for another and similar term. This presumption has no application where the parties have themselves agreed otherwise, no matter how informal that agreement may be. The facts admitted by the pleadings displace the presumption in this case.

*Tyler & Tyler*, for respondent.

That a tenant holding over after the expiration of a written lease becomes a tenant from year to year has been settled by this court. *Smith* v. *Bell*, 44 Minn. 524; *Hunter* v. *Frost*, 47 Minn. 1.

The written contract admitted by the pleadings was full and com-

plete on its face and parol evidence was not admissible to prove the oral agreement, set up by defendant, as a part of the contract between himself and plaintiff. *Stewart* v. *Murray*, 13 Minn. 426; *Wemple* v. *Knopf*, 15 Minn. 440; *Aultman & Co.* v. *Brown*, 39 Minn. 323; *American Mfg. Co.* v. *Klarquist*, 47 Minn. 344.

*Phœnix Pub. Co.* v. *Riverside Cloth. Co.*, 54 Minn. 205, does not vary the rule when applied to a case like this. There, the court say, that parol evidence may be received to prove a separate oral agreement, where the court can infer that the parties did not intend the document to be a complete and final statement of the whole of the transactions between them. Can any such inference be drawn in this case? The contract on its face is lacking nowhere. Nothing is uncertain. Nothing is omitted. Every inference and every presumption is in favor of its completeness and finality.

COLLINS, J. It was certainly competent for defendant to prove that it was orally agreed between plaintiff and himself that, if he would lease the premises in question for a half year, he should be permitted to enter into possession on the expiration of his term, as a tenant at will, and pay rent at a stipulated rate per month so long as he retained possession, and no longer. Such an agreement was a collateral contract not at all inconsistent with the written lease as the same was set forth in the complaint. The authorities are abundant that proof is admissible of any collateral parol agreement, or of any independent fact, which is not inconsistent with, or does not qualify, any of the terms of the written contract, even though it may relate to the same subject-matter; and it is immaterial whether such collateral agreement was made or independent fact occurred, contemporaneously with, or was preliminary to, the written contract. The allegations of the answer as to an agreement under which defendant took possession at the expiration of his term were sufficient to constitute a defense, to be disposed of on the trial.

Again, putting aside these allegations, the plaintiff was not entitled to judgment on the pleadings. The written lease was for a half year terminating December 1, 1892, the agreed rent being $40 per month. The property was urban. It appeared that defendant occupied the same and paid his rent for the specified term. He

then remained during the months of December, 1892, and January, 1893, paying rent at the same rate per month. He vacated the premises on or before the last day of January, having previously given one month's notice to plaintiff of his intent so to do. Where urban property is involved, such acts, standing alone, are insufficient to indicate an intention to create a yearly tenancy. Remaining in possession for two months after the expiration of the lease, with payment of rent each month at the rate provided for in the lease, cannot be construed as indicating anything more than creating a tenancy from month to month. *Johnson* v. *Albertson*, 51 Minn. 333, (53 N. W. 642.)

Judgment reversed.

GILFILLAN, C. J., absent on account of sickness, took no part.

(Opinion published 61 N. W. 335.)

