D. FRANK POWELL *vs.* JOSEPH D. NEWELL.

Submitted on briefs Oct. 15, 1894.   Affirmed Dec. 13, 1894.

No. 9111.

**Contract for personal service abrogated by sickness of the servant.**
Contracts for personal services are subject to the implied condition that the party contracting to perform shall continue in health, and such contracts are revocable by his incapacity from illness to perform.

**A promise to pay for such service is thereby released.**
*Held*, on the facts in this case, that defendant was released from his promise to pay for professional services and medicine to be rendered and furnished in the future by plaintiff, a physician, because of the inability of the latter, through illness, to render the services or furnish the medicines when called on.

Appeal by plaintiff, D. Frank Powell, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., made February 16, 1894, denying his motion for a new trial.

*G. S. Grimes*, for appellant.

The temporary inability of plaintiff by reason of sickness to perform his contract did not constitute a total or any failure of consideration

for the note.    *White* v. *Mann,* 26 Me. 361;. *Williams* v. *Vanderbilt,* 28 N. Y. 217; *Wolfe* v. *Howes,* 20 N. Y. 197; *Clarke* v. *Gilbert,* 26 N. Y. 279; *Baldwin* v. *New York &c. Ins. Co.,* 3 Bosw. 530; *Worth* v. *Edmonds,* 52 Barb. 40; *Bettini* v. *Gye,* 1 Q. B. Div. 183.

There was only a partial, if any, failure of consideration for the note; and the burden was upon the defendant to show to what extent the consideration failed.    *Bisbee* v. *Torinus,* 26 Minn. 165; *Vanstrum* v. *Liljengren,* 37 Minn. 191; *Chapman* v. *Eddy,* 13 Vt. 205; *Spiller* v. *Westlake,* 2 B. & Ad. 155.

*Edwin S. Slater,* for respondent.

No action for breach of contract could have been maintained against plaintiff.    His sickness was excuse for nonperformance on his part and that released defendant also.    *Stewart* v. *Loring,* 5 Allen, 306; *Knight* v. *Bean,* 22 Me. 531; *Spalding* v. *Rosa,* 71 N. Y. 40; *Yerrington* v. *Greene,* 7 R. I. 589.

Plaintiff's inability from sickness to perform the contract entitled defendant to rescind and he exercised that right.    Story, Contracts, § 1337; *Parker* v. *Macomber,* 17 R. I. 674; *Stees* v. *Leonard,* 20 Minn. 494.

COLLINS, J.    Plaintiff is a physician with offices at La Crosse, Wis. and St. Paul, Minn.    Defendant resided September 15, 1892, at Lanesboro, Minn., about fifty five miles from La Crosse, and had theretofore been treated professionally by plaintiff.    On the day just mentioned defendant, who was ill, called upon plaintiff at his office in La Crosse for medical treatment and advice.    The latter prescribed and furnished medicines, was paid $5 in cash, and defendant executed and delivered the note in question, for $95, payable ninety days from that date at a bank in La Crosse.    The consideration for the execution and delivery of the note was future treatment and medicines, and plaintiff gave to defendant a written receipt, in which the note was acknowledged as being payment in full of his account for treatment and medicines so long as he might require.

About a month later defendant went from his home to La Crosse for medicines and further treatment.    He called at plaintiff's office early in the morning, and upon the trial testified that he was informed

by the persons in charge that the doctor would not see any patient before 10 o'clock, while plaintiff and his witnesses testified that defendant was informed that plaintiff was very sick, had been confined to his bed for several days, and could not see any one. The defendant thereupon left La Crosse, and has not since applied to plaintiff for any professional services, and when sued upon the note interposed the plea of a failure of consideration.

The court below found as a fact that when defendant called upon plaintiff for further medical treatment and medicines the latter was sick, and for that reason refused to see him. Judgment was ordered for defendant, and this appeal is from an order denying plaintiff's motion for a new trial.

Plaintiff's contract, the consideration for the note, was for the rendition of professional, and hence personal, services. He could not delegate the performance of these services to another physician. The rule is that contracts for personal services are subject to the implied condition that the party contracting to perform shall continue in health, and such contracts are revocable by his incapacity from illness to perform. If he becomes disabled through sickness, the other party is released from his obligation under his part of the contract. But whether sickness is to constitute an excuse sufficient to release the party who has agreed to render personal services, or sufficient to absolve one who has contracted with him for such services, must necessarily depend on the circumstances of each case.

In this instance we think the defendant was released from his obligation to pay in accordance with the terms of his note. He made it relying upon plaintiff's ability to treat him professionally for such period of time as was necessary, and at such times as his condition required. When he called for this treatment, plaintiff was ill himself, confined to his bed, and unable to be consulted. There was nothing said to defendant as to how long he might have to wait for plaintiff's services, or which indicated that the latter would ever be able to render them. It was not incumbent upon defendant to sacrifice his own case, or his chances for recovery, by postponing proper medical treatment. The court below was justified in its conclusions.

Order affirmed.

GILFILLAN, C. J., absent, sick, took no part.

(Opinion published 61 N. W. 335.)