FRANK A. RALEY v. VICTOR COMPANY.[1]

June 13, 1902.

Nos. 13,046—(130).

## Corporation—Salary of Officer.

Defendant is a private corporation organized and created under the laws of this state for the purpose of doing a general commission business. Plaintiff, a stockholder in the corporation, was duly elected its treasurer in 1898. During the time he held such office there was in force, duly adopted by the corporation, a by-law in the following language, viz.: "The president, vice-president and treasurer of the corporation shall give their individual attention and time to the management of the business of this corporation, and shall receive the sum of $100 per month each as salary for such services." Subsequently to plaintiff's election as such treasurer he became sick, and unable to perform any services for or in behalf of the corporation. He thereafter sold his stock, and ceased to be a member of the corporation, and brought this action to recover the compensation fixed by the by-laws for the period during which he was unable to perform any services for the company. *Held,* that the compensation fixed by the by-laws of the corporation was intended by the parties to be for personal services to be rendered by the officers to whom it was allowed, and that plaintiff is not entitled to recover for the period covered by his illness.

Appeal by plaintiff from an order of the district court for St. Louis county, Dibell, J., denying a motion for a new trial. Affirmed.

*J. H. Whitely*, for appellant.

*H. B. Fryberger*, for respondent.

BROWN, J.

Action to recover for services alleged to have been performed for defendant. A verdict was directed for defendant on the trial in the court below, and plaintiff appeals from an order denying a new trial.

The facts are as follows: Defendant is a corporation organized and created under the laws of this state for the purpose of doing a general storage and commission business at Duluth. Plaintiff

[1] Reported in 90 N. W. 973.

was a stockholder in the corporation, and was duly elected its treasurer in January, 1898. At the time of his election the by-laws of the corporation contained the following provision with reference to salaries to be paid to the different officers, viz.:

"The president, vice president and treasurer of the corporation shall give their individual attention and time to the management of the business of this corporation, and shall receive the sum of $100 per month each as salary for such services."

After his election plaintiff entered upon the duties of his office, devoting his time and attention to the affairs of the corporation, and drew his salary regularly monthly up to July 1, 1899. In February, 1899, he was taken sick, and was wholly incapacitated for doing any work or performing any services of any consequence for the corporation, but, notwithstanding that condition, drew his salary, as stated, and without objection from the other officers up to July 1, 1899. Since becoming so disabled plaintiff has performed no services whatever for the corporation. On July 1, and about the time he drew his last salary, he directed the bookkeeper of the corporation to drop his name from the pay roll, giving as a reason that he was unable to perform the duties of the office. On October 1, 1901, he sold his stock in the corporation, and immediately thereafter brought this action to recover $2,700, claiming that amount as due him for salary from July 1, 1899. After directing the bookkeeper to drop his name from the pay roll, at no time prior to the commencement of the action did he ask or demand any compensation from defendant. He bases his right of action at this time upon the contention that the salary provided for by the by-law we have quoted was fixed in reference to the office, and not for the services to be rendered by the person filling the same; and that, although he was unable to render any services to the corporation, he was still entitled to the compensation there provided.

The only question in the case is as to the proper construction of this provision of the by-laws, and this appears to us perfectly clear, and not open to serious doubt. The by-law quoted provides for a salary of $100 per month to the officers named as compensa-

tion for their individual attention and time given to the management of the business and affairs of the corporation, and an officer who is unable to devote his time and attention to its affairs is clearly not entitled to the compensation there provided. Such officers become, by force of this provision, employees of the corporation, and entitled to compensation for their services when in fact rendered, and not otherwise. The relation such officers bear to the corporation is widely different from that of public officers. The salary provided for a public officer attaches to the office, and the incumbent of the office is entitled to the same without regard to whether he performs the duties or not. But this cannot be so as to defendant, a mere private corporation, whose officers are its employees and agents. A person who contracts to render to another special services, and is prevented by illness from performing the same, is not entitled to the agreed compensation. Powell v. Newell, 59 Minn. 406, 61 N. W. 335.

The principle applicable to officers of private corporations of this character is stated in Long Island v. Terbell, 48 N. Y. 427. It was there said that: "The salary allowed to an officer of a corporation is presumed to be for services to be performed by him as such. Where, therefore, with the assent and co-operation of such officer, all the property, business * * * of the corporation are sold, so that he has no further duty to perform, there is no basis in law or equity for a claim upon his part that his salary continues; and the contract, as to salary, will be deemed to be cancelled, although the corporation itself be not dissolved." The decision is based on the theory that the salary provided by the corporation for its officers is for their personal services, and not for the mere occupancy of the office.

Of course, a case might arise where the salary fixed by the corporation would be held to attach to the office, and its payment not depend upon the performance of personal services or work in the interests of the concern; but such is not this case. Here the salary was for the personal services of the officers to whom allowed. We are strengthened in this view of the case by the conduct of plaintiff himself, which gave a construction to the provision quoted, and under which he now claims to recover, in harmony

with the view of the law as we have expressed it. At the time he directed the bookkeeper to drop his name from the pay roll he was aware of the fact that he was unable to perform any services for the corporation, and evidently did not consider himself entitled to the compensation there provided. {

We think that the learned trial court was right in directing a verdict for defendant, and the order denying a new trial is affirmed.