## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### KATHERINE MOSES v. DONALD COOPER.

January 18, 1971.

Record No. 7265.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Miles Cary, Jr.* (*Hirschler and Fleischer*, on brief), for plaintiff in error.

*Tommy P. Baer* (*Horwitz and Baer*, on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

Katherine Moses, appellant, brought an action against Donald Cooper, appellee, to recover damages for permissive waste. In her amended motion for judgment she alleged, *inter alia*, that the relationship of landlord and tenant was created between her and Cooper by virtue of certain acts done by him. The evidence was heard by the trial court without the intervention of a jury. In its letter opinions the court found that the evidence supported an implied relationship of landlord-tenant, but since Mrs. Moses was "unable to show a lease fixing his term, defendant [Cooper] became a tenant at will" and "as such was not responsible for permissive waste." Judgment

was entered for Cooper, and we granted Mrs. Moses a writ of error to that judgment.

The property involved is located at 2026 East Main Street in the City of Richmond. In 1951 it was leased to Norman V. West, who operated Norman's Credit Clothiers, for a term of ten years. On June 1, 1955 West sold his business to Hollywood Clothiers, Inc. and assigned the lease to Hollywood. Cooper owned 50 per cent of the stock. By a separate agreement with Hollywood, dated September 8, 1955, Mrs. Moses extended the original lease for an additional five years. In the latter part of 1958 Hollywood vacated the premises and later ceased operating its business. The corporation was dissolved by the State Corporation Commission in 1961. The premises remained vacant until sometime after August 17, 1964 when Cooper returned the key to the premises to Mrs. Moses' attorney.

Evidence on behalf of Cooper showed that when Hollywood vacated the premises it assigned its lease to Felco Realty Company, Inc. Cooper was president, a director and sole stockholder of Felco. Rent payments, until the end of 1960, were made by Cooper with checks drawn on Felco and signed by him as president. Thereafter, until March, 1964, Cooper paid the rent by checks drawn on All State Real Estate, Inc. and signed by him as president. Cooper was also the sole stockholder of this corporation. Felco was dissolved on June 1, 1963 and All State was dissolved on June 1, 1964. All monthly rent payments ceased after March, 1964.

Evidence adduced on behalf of Mrs. Moses showed that from the time the premises became unoccupied all dealings concerning it were with Cooper, individually, and that she considered him to be the tenant. He kept possession of the only key and she looked to him for the payment of the monthly rent. Mrs. Moses, as well as her son Charles and her daughter Mrs. Ethel Gonella, who at times acted as her agents, was unaware of any claim by Cooper that he was acting in a representative capacity for Felco. It was not until the commencement of the trial that they learned of the assignment of the lease by Hollywood to Felco. As pointed out in the trial court's first letter opinion, Cooper never suggested to Mrs. Moses or her son and daughter that he was acting in a representative capacity. Not until the action was commenced did Cooper challenge the premise that he, as an indivdual, was the tenant.

After the premises were surrendered to her, Mrs. Moses discovered that substantial damage had been done to the interior of the building.

This damage was caused by water entering the building either from the basement or from the roof or from both.

The trial court held that Cooper was a tenant at will and as such was not liable for permissive waste. Whether a tenant at will is liable for permissive waste is not an issue here since both litigants agree with the court's ruling on this point. The dominant issue is whether the evidence supports an implied landlord-tenant relationship, and if so whether the tenancy was one at will or for a term.

We hold that the evidence was sufficient to support the trial court's finding that an implied tenancy existed between the parties. However, we do not agree with the court's ruling that since there was no lease fixing Cooper's term the implied tenancy was one at will. In our view the evidence establishes an implied tenancy for a term.

In *Elliott* v. *Birrell*, 127 Va. 166, 175, 102 S.E. 762, 765 (1920) we said: " * * * In case of an estate at will, where there is an entry and payment of rent, the estate is converted into an implied tenancy from year to year, or for some other time, as may be indicated by the payment of rent."

Mrs. Moses and her son and daughter, as the evidence establishes, considered Cooper the tenant of the premises. He had in his possession the only key to the building. For three years after Hollywood vacated the premises he paid Mrs. Moses the monthly rental with checks signed by him. Under these facts and circumstances we hold Cooper was a tenant from month to month.

*Eason* v. *Rose*, 183 Va. 359, 32 S.E.2d 66 (1944) and *Shorter* v. *Shelton*, 183 Va. 819, 33 S.E.2d 643 (1945), cited by Cooper, are not applicable here because in both cases the parties expressly created tenancies at will. In *Eason* we distinguished factual situations similar to the one herein involved from the facts in that case by stating: " * * * Nor do we have an estate at will arising *by implication of law*, which became an estate from year to year, through the payment and acceptance of rent. The rule applicable to such cases is not in point here." *Eason* v. *Rose, supra*, 183 Va. at 364, 32 S.E.2d at 68.

Having concluded that Cooper was a tenant for a term, we reverse the judgment appealed from and remand the case for a determination of his liability, and if liable the amount of damages.

*Reversed and remanded.*