# Richmond

## HOBDAY V. KANE.

### January 16, 1913.

1. NOTICE—*Error in Date—Sufficiency.*—A notice dated September 25, but actually served August 25, requiring a tenant to vacate premises on September 5 of the same year sufficiently shows that the true date of the notice was August 25, and that the date of September 25 was a mere inadvertence.

2. UNLAWFUL DETAINER—*Summons—Sufficiency.*—A summons in unlawful detainer, which avers that the defendant is in possession and unlawfully withholds from the plaintiff the premises in the declaration mentioned, need not repeat the words "from the plaintiff" in further averring that the defendant "has unlawfully withheld within three years" the said premises.

3. UNLAWFUL DETAINER—*Possession of Defendant—Inference by Jury—Demurrer to Evidence.*—Where the proof shows that a defendant in an action of unlawful detainer had been in possession of the premises claimed in the declaration for five years before the action was brought and always refused to give up possession, the jury might and should infer that he was in possession at the time of action brought, and hence the court must so find on a demurrer to the evidence by the defendant.

4. UNLAWFUL DETAINER—*Action Against Tenant—Purchaser of Premises—Parties.*—Where a landlord sells and conveys to a purchaser land in the possession of a tenant of the landlord, and the tenant refuses to surrender possession, the grantee is the proper person to bring unlawful detainer to recover possession of the tenant.

5. PRINCIPAL AND AGENT—*Power of Attorney—Recordation.*—It is unnecessary to record a power of attorney under seal appointing an agent to take charge of real estate and to bring suit for its protection in order for it to be admitted in evidence in an action of unlawful detainer to recover possession of the land.

6. LANDLORD AND TENANT—*Hold Over Tenant—Terms—Presumption.*—Where the landlord suffers the tenant to remain in possession after the expiration of the original tenancy, the law presumes the holding to be upon the terms of the original demise, subject to the same rent and to the covenants of the original lease, so far at least as these are applicable to the new condition of things.

Error to a judgment of the Circuit Court of York county
in an action of unlawful detainer.    Judgment for the
plaintiff.   Defendant assigns error.

*Affirmed.*

The opinion states the case.

*J. N. Stubbs,* for the plaintiff in error.

*Howard L. Anderson,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This was an action of unlawful detainer, brought in the
Circuit Court of York county, by James M. Kane against
Lucy Hobday, to recover a certain parcel of land, of which
it was alleged that the defendant was in possession and
unlawfully withheld from the plaintiff, and had unlaw-
fully withheld within three years from the issuance of
the writ.

There was a plea of not guilty, and the plaintiff having
produced his evidence before the jury, the defendant de-
murred thereto, and thereupon the court entered the judg-
ment which is before us upon a writ of error.

The plaintiff bought the premises in dispute from Caro-
line M. Griffin, as appears from the deed of herself and her
husband to Kane, dated September 17, 1909.   By an agree-
ment under seal entered into on the 24th day of October,
1898, the Griffins rented the property to Lucy Hobday, she
agreeing to pay a rent of one dollar per month for a
period of twelve months, the rent to be paid by the month
and not by the year.   It was further agreed by this lease,
that "In the event of the said Lucy Hobday failing to pay
the rent as it becomes due and payable, the said Lucy Hob-
day agrees to vacate the said premises, upon the said Grif-
fin, agent, giving her ten days' notice to do so."

It appears from the testimony that Lucy Hobday stopped paying rent in November, 1908, and that she had paid rent within three years from the issuing of the writ in this action.

It further appears that by writing under seal the plaintiff appointed Howard L. Anderson, of Yorktown, Va., his agent and attorney, to take charge of his real estate in Yorktown, and to this end to bring legal action to protect the property.  Anderson, the agent for Kane, gave notice to the defendant that he would require her to deliver up on or before the fifth of September, 1910, the possession of the property in dispute.  This notice is dated the 25th of September, 1910, and on the 7th day of December, 1910, Anderson made oath before a commissioner in chancery that the notice was duly served on the defendant on the 25th day of August; from all of which it appears that the date of the 25th of September was a mere inadvertence, and that the true date was the 25th of August.

The plaintiff in error assigns as error that the summons is insufficient, because it alleges that the defendant is in possession and "unlawfully withholds from the said plaintiff and has unlawfully withheld within three years from the issuing of this writ" a certain lot of land, and claims that after the words "unlawfully withheld within three years" the words "from the plaintiff" should have been introduced.

The notice had already declared that the defendant was in possession and unlawfully withheld the possession from the plaintiff, and it was wholly unnecessary to repeat it. The writ is, in our judgment, sufficient.

The next contention is that there is no evidence showing that the defendant had possession of the land at the date of the summons.

The case is upon a demurrer to the evidence, and the jury had a right to make every reasonable inference from

the testimony. The proof shows that the plaintiff in error had been in possession as far back as 1905, and that she had always refused to give up possession, from all of which the jury not only might but should have inferred that she was still in possession.

It is contended that the plaintiff, Kane, was not a proper party to institute the action; that "if a landlord sells land in possession of his tenant, by agreement under seal, and the tenant refuses to deliver possession, the landlord is the proper party to institute the proceedings of unlawful detainer." Citing *Harrison* v. *Middleton,* 11 Gratt. (52 Va.) 528. But that case is wholly different from the one under consideration. In that case the landlord had sold the land by an agreement under seal, but had never made his vendee a deed, and the legal title remained in him; but in this case the legal title had been conveyed by good and sufficient deed from Griffin, the original landlord, to James M. Kane, the plaintiff in this action, who was entitled to recover by force of the title that was in him.

Objection is taken to the admission of the power of attorney as evidence. It does not appear from the record that any objection was made to its introduction in the circuit court. If objection had been made, it should have been overruled. Anderson was legally appointed his agent by James M. Kane, by writing under seal, which authorized Anderson to take charge of the real estate and to bring suit for its protection, and recordation of this instrument was unnecessary.

As to the date of the notice and its service, nothing need be added to what has already been said.

In Taylor on Landlord and Tenant, at section 525, it is said: "Where the landlord suffers the tenant to remain in possession after the expiration of the original tenancy, the law presumes the holding to be upon the terms of the

original demise, subject to the same rent and to the covenants of the original lease, so far at least as these are applicable to the new conditions of things."

The plaintiff in error, therefore, held over under her contract with Griffin of the 24th day of October, 1898, by which she became a tenant for twelve months, the rent to be paid by the month and not by the year, and also remained bound by her covenant to pay the rent as it became due, and in the event of her failure to do so to vacate the premises upon ten days' notice to that effect being given to her.

Upon the whole case, we are of opinion that there is no error in the judgment complained of, which is affirmed.

*Affirmed.*