# CHARLESTON.

ELBERT FARLEY *v.* WINT THOMPSON.

(No. 5117.)

Submitted February 23, 1926.   Decided March 2, 1926.

1. LANDLORD AND TENANT—*General Rule That Tenant Cannot Dispute Landlord's Title Does Not Prevent Him From Showing That Landlord Parted With Title to Premises.*

   The general rule that a tenant cannot dispute his landlord's title does not prevent the tenant from showing that the landlord parted with his title to the premises.   (p. 94.)

   (Landlord and Tenant, 35 C. J. § 596.)

2. SAME—*Where it Appears That Landlord Parted With Title During Tenancy, He Cannot Evict Tenant After Expiration of Term, on Ground That Latter is Tenant Holding Over Beyond Term (Code, c. 50 § 211, chapter 89, § 1, and chapter 90, § 23).*

   Where it is shown that the landlord parted with his title during the term of the tenancy, he cannot evict the tenant after the expiration of such term, on the ground that the latter is a tenant holding over beyond his term.   (p. 96.)

   (Landlord and Tenant, 36 C. J. § 1782.)

3. SAME—*Landlord, Parting With Title During Term of Tenancy, Cannot Evict Tenant After Expiration of Term on Ground That He is Holding Over Beyond Term, Although Tenant May Not Have Attorned to Landlord's Grantee.*

   This is true, though the tenant may not have attorned to the grantee of the landlord.   (p. 96.)

HATCHER, JUDGE, absent:

   (Landlord and Tenant, 36 C. J. § 1782.)

   (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Raleigh County.

Action in unlawful entry and detainer by Albert Farley against Wint Thompson, begun before a justice of the peace. A verdict was returned for plaintiff, defendant appealed to the circuit court, where judgment was entered for plaintiff, and defendant brings error.

*Reversed.*

*Ashton File, W. W. Goldsmith,* and *L. L. Scherer,* for plaintiff in error.

*J. E. Summerfield* and *A. P. Farley,* for defendant in error.

WOODS, JUDGE:

Albert Farley, on the 5th day of April, 1923, instituted an action in unlawful entry and detainer before a justice of the peace of Raleigh county, against one Wint Thompson, for unlawfully withholding from him one certain dwelling house and premises situate in Slab Fork District on the West Fork of Winding Gulf, in said county. The trial before the justice resulted in a verdict for the plaintiff, and the defendant appealed to the circuit court.

Upon the hearing in the circuit court, the only evidence on behalf of the plaintiff was his own testimony. He testified that he obtained possession of the premises in question from his father in March, 1918; that he rented said premises to the defendant under a written contract of lease, dated the 9th day of November, 1921, in which the premises set out in the summons were described. This contract was introduced in evidence. It contained the provision that Thompson was to vacate said property ''in ten days after being noticed so to do.'' Plaintiff further testified that he had possession at the time he leased said premises to Thompson; that sometime later (February, 1923) he sold the land to one Henry Mitchem and Robert Childress, and a deed was executed by him, at their direction, to an infant girl, Clara Mitchem, and the same delivered to her on the date last aforesaid; that it was the understanding that he was to give possession of the property to the purchaser; that in accordance therewith he

informed Thompson that he had sold the premises and asked him to vacate; that Thompson promised to do so by the first of April; that Thompson failed to comply with this notice to vacate, and that for this reason plaintiff resorted to this action. The defendant offered no evidence but made proffer of certain record evidence and oral testimony to the effect, that the premises were in fact owned by the Beaver Coal Company; that he was a tenant of said company at the time Farley executed his lease to him; that the Farley lease was entered into by him without knowledge of said company; and, further, that the title to the premises would come in question. The court refused to permit the proffered testimony to be introduced, and the case went to the jury on the testimony of the plaintiff. The jury returned a verdict that the plaintiff recover the possession of the land in the summons described, and certain damages for its detention. The court entered judgment on this verdict. It is to this judgment that the defendant prosecutes this writ of error.

At the threshold we are met with the question whether or not Farley may maintain this action. As we have shown, it developed in the testimony that Farley had conveyed the premises, and had delivered a deed therefor to a third party, prior to the institution of this action. The question presented here is one of first impression in this state.

There is no rule of law better settled than that a tenant is estopped from disputing his landlord's title. *Stover* v. *Davis,* 57 W. Va. 196. That as a general rule, he is bound to surrender possession at the end of his term to his landlord. No matter how destitute of title the landlord may be, or how clear the title of the stranger may be in the land, the tenant cannot deny the title of the former, nor affirm that of the latter, in his defense to the landlord's action for the land. This doctrine is so trite as to make reference to authority unnecessary. The question here is, whether this right of the lessor or vendor to recover possession of the property does not cease when he conveys away his title to another. Whether the estoppel of the lessee to set up title in a stranger as a defense to the action of the lessor, applies to the title of a person to whom the lessor has conveyed his interest in the subject, after making the

lease.   In 2 Tiffany on Landlord & Tenant, p. 1778, the doctrine is stated that: "A tenant is precluded from denying his landlord's title * * * in the case of a summary proceeding to recover possession to the same extent as in an action of ejectment. * * * This doctrine, however, does not preclude the defendant in a summary proceeding, any more than in any other action based on the relation of tenancy, from showing that the complainant or petitioner is not in fact his landlord, for the reason that the reversion * * * has been transferred to some other person." As we have seen, showing that the landlord, since the formation of the relation of landlord and tenant, has conveyed away his interest to a third person, is not disputing or controverting the title of the lessor. So, a tenant may show that, since the beginning of his tenancy, the landlord has sold and conveyed, or otherwise voluntarily transferred or parted with, his title or interest in the leased premises to a third person. *Do ex dem. Lowden* v. *Watson,* 2 Starkie, 230; *Robertson* v. *Biddell,* 32 Fla. 304; *St. John* v. *Quitzow,* 72 Ill. 334; *Grundin* v. *Carter,* 99 Mass. 15; *Emmes* v. *Feeley,* 132 Mass. 346; *McGuffie* v. *Carter,* 42 Mich. 497; *Allen* v. *Hall,* 66 Nebr. 84; *Horner* v. *ex dem. Leeds,* 25 N. J. L. 196; *Hoag* v. *Hoag,* 35 N. Y. 469; *West Shore Mills Co.* v. *Edwards,* 24 Ore. 475.

In order to sustain the action of unlawful entry and detainer, either before a justice (Chap. 50, § 211, Code), or in the circuit court (Chap. 89, § 1, Code), the possession must be (whether the entry was unlawful, or when the entry was lawful, and the tenant detained possession of land after his right has expired) "without the consent of him who is entitled to the possession." The verdict of the jury, under Chap. 90, § 23, Code, shall be for the one "as appears to have right to the possession of the premises." Under a similar statute to ours, the Supreme Court of Virginia, in *Hobday* v. *King,* 114 Va. 398, held that where a landlord sells and conveys to a purchaser land in the possession of a tenant of the landlord, and the tenant refuses to surrender possession, the grantee is the proper person to bring unlawful detainer to recover possession of the land. This is the precise case here. The

Virginia court distinguishes the last mentioned case from that of *Harrison* v. *Middleton,* 11 Gratt. 527. In the latter case it was held that where a landlord sells land in the possession of his tenant by agreement under seal, but had not made his vendee a deed, and the tenant refuses to deliver possession, the landlord is the proper party to institute a proceeding of unlawful detainer to obtain possession. The legal title remained in him. However, in the instant case the legal title had been conveyed by deed from Farley and delivered to the purchaser. The court must deliver the possession to one ''as appears to have right to the possession of the premises.'' Farley had no right to the possession at the time he sued. He claims that he had promised his purchaser to deliver possession. This is not sufficient to enable him to sue. Whether he could have maintained such proceeding had the agreement been incorporated in the deed to his vendee, we are not called upon to decide.

We are, therefore, brought to the conclusion, so far as this case is concerned, that it is a competent defense for the defendant to show that, since his lease from the plaintiff, the plaintiff has conveyed the land in controversy, by deed to another, and that this action cannot be maintained in his name. On principle, the authorities to this effect referred to seem to be sound. The lessee does not dispute the title of his lessor, in showing that the former has conveyed his title to another since the lease of the premises. But when the lessor, after the lease, conveys his title to another he loses the benefit of the estoppel, or rather transfers it to his assignee or vendee. In the language of Lord Dennam, in *Downes* v. *Cooper,* 2 Ad. & El. N. S. 256, 42 Eng. C. L. R. 663, he is estopped by his conveyance from claiming the benefit of the estoppel arising from the lease. However there is no necessity for an attornment to perfect the right of the assignee in such case.

Our conclusion renders all other questions raised on the record moot.

*Reversed.*