# Richmond.

## MARY ELLEN SMITH v. IRA J. PAYNE.

January 16, 1930.

Absent, Chichester and Epes, JJ.

The opinion states the case.

*Timberlake & Nelson* and *R. B. Stephenson*, for the plaintiff in error.

*Thomas J. Wilson, Jr.*, and *J. W. C. Johnson*, for the defendant in error.

HOLT, J., delivered the opinion of the court.

This is a fifteen day motion for judgment in which the plaintiff claims a balance due for rent on an unexpired lease of a store house in Clifton Forge, which she charges was unlawfully vacated and abandoned by the defendant. There was a motion and an amended motion. The latter only need be considered. To it a demurrer was filed and sustained and the case dismissed. This is the amended motion:

"To Ira J. Payne:

"You are hereby notified that on the 3rd day of the February term, 1929, of the Circuit Court of Clifton Forge, Virginia, I will move said court for judgment and award of execution against you for the principal

sum of $3,400.00, with interest as hereinafter set forth, and the costs of said motion; said sum being due me by you for rent of a certain brick store house located at 114 Main street, in the city of Clifton Forge, Virginia, by virtue of the following facts:

"You leased said store building from me by written lease or contract for a period of two years from March 6, 1924, at a monthly rental of $200.00 per month for the first year and a monthly rental of $225.00 per month for the second and last year of said lease. Some time prior to the expiration of the said lease, to-wit: Some time during the fall of 1925, we verbally agreed that you might remain in the property after the expiration of the lease on March 6, 1926, at a reduced rental of $200.00 per month, and you continued after March 6, 1926, to occupy said store room under the terms of the original lease, except as to the modification and reduction of the monthly rental, as verbally agreed upon in the fall of 1925, and continued after March 6, 1926, to pay rent to me at the rate of $200.00 per month.

"In August, 1926, it was understood and agreed upon between us orally that you should continue to occupy said store room as my tenant at the same monthly rental of $200.00 per month until March 6, 1929. Thereafter you continued to occupy said store room and to pay rent thereon until March 5, 1927, at which time you notified me that you would not rent said building for a definite period, but that you would consider yourself a tenant from month to month and continue to occupy the store room as a monthly tenant. I thereupon notified you that you were not a tenant from month to month and that you could not occupy said property as a monthly tenant, but that I would expect and require you to carry out your agreement

with me and occupy the property as my tenant until March 6, 1929. After being so notified you continued to occupy the premises until October 5, 1927, paying the rent therefor until that time, and on that date abandoned the premises and refused to pay rent for the said premises thereafter. If the said verbal agreement made in August, 1926, whereby you agreed to lease said premises until March 6, 1929, is a valid and legal agreement, you are indebted to me in the sum of $3,400.00 above demanded; if said verbal lease is invalid as a matter of law, you are nevertheless still indebted to me in at least the same amount for the reason that you were in such case a tenant from year to year, and you have never terminated such tenancy by giving the notice required by law, but only undertook by written notice on August 24, 1927, to terminate your tenancy as a monthly tenancy on December 5, 1927. I shall, therefore, move said court for a judgment against you for the said sum of $3,400.00, which is the rent due me from you from November 5, 1927, to March 5, 1929, at $200.00 per month, with interest on $200.00 part thereof from November 5, 1927, and on $200.00 part thereof from the 5th day of each and every succeeding month from November 5, 1927, to March 5, 1929.

"MARY ELLEN SMITH,
"By Counsel."

Two claims are advanced:

1. It is said that under the agreement made in the fall of 1925, Payne became a holdover tenant from year to year after the expiration of the first lease, which was to occur on March 6, 1926, and was to pay an annual rental in monthly installments of $200.00.

2. It is further said that if this be not true he is still liable under the oral contract of August, 1926,

752

whereby he definitely agreed to continue as tenant until March 6, 1929, and to pay rent at the rate last stated.

Payne held the store until March 5, 1927. Taking up the first assignment, it will be noted that rent for the second year under the first lease was at the rate of $225.00 a month. That was to become $200.00 after March 6, 1926. The motion makes this statement:

"Some time during the fall of 1925, we verbally agreed that you might remain in the property after the expiration of the lease on March 6, 1926, at a reduced rental of $200.00 per month, and you continued after March 6, 1926, to occupy said store room under the terms of the original lease, except as to the modification and reduction of the monthly rental, as verbally agreed upon in the fall of 1925, and continued after March 6, 1926, to pay rent to me at the rate of $200.00 per month."

A holdover tenant under a term of years ordinarily becomes a tenant from year to year.

In *Hobday* v. *Kane*, 114 Va. 398, 76 S. E. 902, 903, Keith, P., quoting with approval from Taylor on Landlord and Tenant, section 525, said: "Where the landlord suffers the tenant to remain in possession after the expiration of the original tenancy, the law presumes the holding to be upon the terms of the original demise, subject to the same rent and to the covenants of the original lease, so far at least as these are applicable to the new conditions of things." *Newton* v. *White*, 115 Va. 844, 80 S. E. 561.

"Certainly the very great weight of authority is to the effect that if the lessee has the privilege of an extension and holds over, he holds for the additional term under the original lease. 16 R. C. L. 885, 894. It has been said that the reason for this is that by holding over

he has exercised the privilege to extend his term, and the original lease becomes a demise for the extended term and needs no renewal." *Crowder* v. *Virginian Bank*, 127 Va. 299, 103 S. E. 578, 579.

"The uniform view of the American text writers and authorities on the subject, where the doctrine of tenancy from year to year is recognized, is that when a tenant, who has previously rented for a term of years or for one year, holds over possession of premises beyond his original term, without more, upon the election of the landlord to hold him as a tenant from year to year, the law implies a contract on the part of the tenant to remain and pay rent as a tenant from year to year." *Grice* v. *Todd*, 120 Va. 481, 91 S. E. 609, L. R. A. 1917D, 512.

"The principle is too well established for further controversy, that where a tenant for years holds over after the expiration of his term, the law will imply an agreement to hold, or continue the lease for another year, upon the terms and conditions of the prior lease." *Wolffe* v. *Wolff & Bro.*, 69 Ala. 549, 44 Am. Rep. 526.

In the instant case, Payne plainly did not hold over under the terms of the original lease without more. The rent which he agreed to pay was less, and so if he held over at all it was under some new agreement. In other words, he became a tenant under a new contract and not under some obligation imposed by law.

What were the terms of this new contract? The motion states no agreement beyond this: "You might remain in the property after the expiration of the lease on March 6, 1926, at a reduced rental of $200.00 per month." This was the entire contract, although the pleader claims that the tenant was to be governed by all the other stipulations in his original lease. As a matter of fact, so far as the record shows,

it contained but two. One dealt with the duration of the term and the other with the rent to be paid. Under the new agreement, Payne took the store for an indeterminate term at $200.00 per month. Does this make him a tenant from year to year or from month to month?

"Where there is no evidence as to the terms of the letting, it would seem that the monthly payment of rent should show a letting at a monthly rent, thereby creating a tenancy from month to month rather than from year to year." Tiffany on Landlord and Tenant, page 133, 24 Cyc. page 1034; *Paquetel* v. *Gauche*, 17 La. Ann. 64; *Rogers* v. *Brown*, 57 Minn. 223, 58 N. W. 981; *Borman* v. *Sandgren*, 37 Ill. App. 163; *Hungerford* v. *Wagoner*, 5 App. Div. 590, 39 N. Y. Supp. 369; Wood on Landlord and Tenant, section 539.

The case of *Elliott* v. *Birrell*, 127 Va. 166, 102 S. E. 762, 766, is an instructive one. There residence property in town was leased for an indeterminate term at a monthly rental of $25.00. The court thus summed up its conclusions.:

"The facts in this case from which a conclusion of intent is to be derived are: First, That there was no agreement between the parties as to the length of the term; second, That the lands are urban property, consisting of two lots in Cottage Park, in Alexandria county; third, That these lands were demised to the defendant to be used by him as his dwelling, at a monthly rental of $25.00.

"Applying the principles announced to these facts, the court is of opinion that the periodic estate established by the contract of the parties in the instant case was a tenancy from month to month, and not from year to year."

When a tenant takes over property without any

stipulation beyond one which binds him to pay by way of rent so much a month, the *prima facie* presumption is that he is a tenant from month to month, and this presumption is strengthened when the property is urban as in the instant case.

This conclusion finds support in the conduct of the parties. They were not satisfied with conditions which obtained after the expiration of their first contract and it was this dissatisfaction which brought about the agreement of August, 1926.

There is another angle of approach. A tenant for a term of years who holds over after the expiration of his lease becomes a tenant at will, and is sometimes called a trespasser. The landlord at his election may permit him to remain and thereby hold him as a tenant from year to year, or he may evict him from the premises. Tiffany on Landlord and Tenant, section 209; *Grice* v. *Todd*, 120 Va. 483, 91 S. E. 609, L. R. A. 1917D, 512. But he must do one of these two things and by the same token unless he has power to make such election, the tenant is not a holdover. Here there was concededly no such power in the plaintiff. Whatever may have been the contract, the defendant was in lawful possession.

These are the conclusions reached by the trial judge and in them we find no error.

That court also held.that the second contract made in August, 1926, under which defendant leased this store house until March 6, 1929, at a rental payable in monthly installments of $200.00 each, would not support an action. In other words it was of opinion that the lease in this instance fell within the statute of frauds. Code, section 5561. To this error has also been assigned.

The question thus presented is interesting and not

free from difficulty. Here the lease is verbal and was accompanied by contemporaneous possession.

At common law neither an actual lease nor an agreement for a lease need be in writing. Writing was required by the English statute of frauds, 29 Car. II, but from its operation were excepted "all leases not exceeding the term of three years from the making thereof, whereupon the rent reserved to the landlord during such term shall amount unto two-thirds part at the least of the full improved value of the thing demised." By section 4 of that statute, every agreement for a lease had to be in writing signed.

In Virginia, by the statute of conveyances, Code, section 5141, leases for more than five years must be by deed, but there is no statutory provision in this State which in terms declares that other actual leases must be in writing. If the situation is covered at all, it must fall under either the sixth or seventh clause of our statute of frauds. That statute declares that no action shall be brought—

"Sixth, Upon any contract for the sale of real estate, or for the lease thereof for more than a year; or

"Seventh, Upon any agreement that is not to be performed within a year."

Clause 6 deals with agreement for a lease, and not with a completed lease at all. •

Judge Saunders, in *Great Atlantic & Pacific Tea Co.* v. *Cofer*, 129 Va. 640, 106 S. E. 695, 697, said: "A contract for a lease and an actual present demise are essentially different." See also *Boisseau* v. *Fuller*, 96 Va. 45, 30 S. E. 457; Minor on Real Property, section 374. The necessities out of which grew statutory regu-

lations of contracts for leases are discussed in Tiffany on Landlord and Tenant, section 25.

Troubles sometimes come in determining whether a particular contract is a present lease or an agreement for a lease, and that often in a large measure turns upon the intentions of the parties. *Andrews* v. *Stulb and Vorhauer*, 145 Ga. 826, 90 S. E. 59; *Levin* v. *Saroff*, 54 Cal. App. 285, 201 Pac. 961. But we are not troubled with such a question here, for on demurrer we follow the statement in the notice and deal with it as a present demise coupled with possession. From this it follows that clause 6 has no application. The very terms of the statute preclude such a conclusion.

If the statute applies at all, it must be by virtue of clause 7, and upon the theory that it is an agreement not to be performed within a year. There is force in the suggestion that this section does not relate to land —this upon the principle that where there is a special statute dealing with a particular subject its provisions are not overborne by a general statute whose terms seem broad enough to cover it, and some of our States so hold. 27 C. J., page 189, and cases cited. This proposition, however, is not sustained by the wieght of authority. Brown on Statute of Frauds (4th ed.), section 272; 17 Va. Law Reg. 97; 13 Va. Law Rev. 426.

Since contracts affecting land are covered by it and since we are dealing with a lease, it may be well to ascertain *in limine* just what a lease is. It is a common law estate.

██ "A lease is a conveyance of lands or tenements (usually in consideration of a rent or other annual or periodical recompense) for life, for years, or at will, but always for a less time than the lessor hath in the premises." Minor on Real Property, section 1124.

This definition appears in 18 Am. & Eng. Enc. of Law (2d ed.), 597: It is "a contract for the possession

and profits of lands and tenements, on the one side, and the recompense or rents on the other, or in other words, a conveyance to a person for life, years, or at will, in consideration of a rent or other recompense. *Harvey Coal & Coke Co.* v. *Dillon*, 59 W. Va. 605, 53 S. E. 928 [6 L. R. A. (N. S.) 628]."

"A conveyance by way of demise, always for a less term than the party conveying has in the premises." Bouvier.

■■ In short, it is an estate for life, for years, or for some lesser term.

If this contract of conveyance, coupled with the immediate delivery of possession, is an executed one, then it is a contract to be performed within a year, is not within the statute and our problem is at an end. It cannot be contended that a parol sale of land accompanied by possession is not a completed contract, and the fact that full payment was not made in the beginning does not change the situation. Of course, such a transaction might run counter to other statutes, but we are not now concerned with them. Certainly, the landlord in the instant case has done all that she promised to do. Complete performance on the part of one of the parties suffices.

■ In *Reed and McCormick* v. *Gold*, 102 Va. 37, 45 S. E. 868, 872, Keith, P., quoting from Clark on Contracts, said: "It is established in England and in most of our States that an agreement does not fall within the statute if that which one of the parties is to do is all to be performed within a year; in other words, the agreement must contemplate nonperformance by both parties within the year." Deferred payments do not change the situation. See also *Seddon* v. *Rosenbaum*, 85 Va. 928, 9 S. E. 326, 3 L. R. A. 337.

If it be said that the landlord's duty is not at an end because of his implied warranty for quiet enjoyment, the answer is that this duty so implied, should the occasion arise, may be performed within a year. A parol sale of land or of a chattel is an executed contract, and yet there an action may be brought because of want of title in the vendor. So far as the issue here is affected, a lease does not differ from an estate in fee simple. The estate conveyed may be less, but it is still an estate. *Viterbo* v. *Friedlander*, 120 U. S. 712, 7 S. Ct. 962, 30 L. Ed. 776. Nor is it to be likened to a contract for personal services (*Lee* v. *Hill*, 87 Va. 497, 12 S. E. 1052, 24 Am. St. Rep. 666), for there is the continuing duty of giving and receiving services.

This is the conclusion reached by Prof. Raleigh Minor, as stated in his work on Real Property: "If, therefore, the estate conveyed does not exceed three years, in England, or five in Virginia, it may be created as at common law by parol, that is verbally." Minor on Real Property (2d ed.), page 440.

A like conclusion was reached by Prof. John B. Minor (2 Minor's Inst. 185), and by Prof. Graves (Notes on Real Property, section 52), who convincingly discussed this subject in a note to that section. Certainly these distinguished masters of Virginia law are not lightly to be disregarded.

Tiffany on Landlord and Tenant, at section 66, seems to reach the same conclusion. He says: "Occasionally it has been assumed that a contract to make a lease for a term of more than one year is within the provision of the statute of frauds requiring any contract not to be performed within a year to be evidenced by writing. But since the performance of such an agreement consists in the making of the lease, the fact that the lease when made will extend until the ex-

piration of a period greater than a year from the date of the agreement should not, it seems clear, bring the agreement within such provisions."

*Burruss* v. *Hines*, 94 Va. 413, 26 S. E. 875, is relied upon to show that this court has held otherwise. In that case the plaintiff owned a lot of land in Norfolk upon which he wished to build. He was prevented from doing so because an adjoining building owned by the defendant overhung his lot. A controversy arose between these landholders, and this action was brought to recover damages due to the defendant's failure to act with reasonable promptness. In the beginning plaintiff had leased or contracted to lease certain space in his proposed building to another. He could not build and was permitted to recover damages for rent lost for sixteen months. Prof. Graves was of opinion (note to section 52, Notes on Real Property) that the contract between the plaintiff and his prospective tenant was an agreement for a lease. If this be true, then this agreement, which was not in writing, was covered by section 6 of the statute, and so all that was said because of section 7 was but dictum. If it in fact fell under section 7, it would still be dictum, for the contract with the prospective tenant, whether enforceable or not, was competent evidence between the plaintiff and defendant. The statement made was casual and the matter in issue in the instant case does not appear to have been the subject of any special consideration. Assuming that section 7 applies, it must be conceded that the dictum in *Burruss* v. *Hines* is in harmony with the weight of authority elsewhere in this country. *Wallace* v. *Scoggins*, 18 Ore. 502, 21 Pac. 558, 17 Am. St. Rep. 749, and note.

*Thurston* v. *Woodward*, 139 Va. 315, 123 S. E. 366, 367, was an action on a present demise to recover

eighteen months' rent. Judge West said: "For the reasons already suggested, we feel under no obligation to discuss the other errors mentioned in the petition. But we will add that a careful examination of the record satisfies us that the question involved was not a contract for a lease to be made at a future time, but a present demise, which is not within the provisions of the statute of frauds, but is governed by the statute of conveyances; and that the jury were fully and fairly instructed on the law applicable to the case." The contract in that case was oral in its inception. A number of writings passed, but it is doubtful if there was ever any meeting of minds as to them, and the court must have based its judgment on the idea that the contract was an oral one, otherwise there would have been no occcasion to mention the statute of frauds at all.

By way of recapitulation, we are of opinion that the contract in judgment was a lease and not an agreement to lease. It was for less than five years, and therefore is governed by the common law. Being an executed contract, it is not affected by the seventh section of our statute of frauds, and the demurrer to the notice should have been overruled and the defendant allowed to plead if so advised.

*Reversed and remanded.*