## CIRCUIT COURT OF CHESTERFIELD COUNTY

11401 Corp.

v.

Moses and Associates

October 18, 1988

Case No. (Law) 1701-86

By JUDGE HERBERT C. GILL, JR.

At the pretrial conference on August 4, 1988, counsel for defendant requested that the Court preclude a writing made subsequent to a lease agreement from consideration as evidence pursuant to Section 11-2(6) of the Virginia Code which provides that no action may be brought, "upon any contract for the sale of real estate, or for the lease thereof for more than a year . . . unless the promise . . . be in writing and signed by the party to be charged . . . ." Counsel for defendant also argued that partial performance does not defeat the statute of frauds as Plaintiff seeks damages for breach of contract citing *Marchiafava, Inc. v. Haft, et al.*, 777 F.2d 942 (4th Cir. 1985). Counsel for defendant noted that Plaintiff had a preexisting duty to pay the rent, and therefore, payment neither constitutes performance pursuant to or reliance upon the writing.

Upon consideration of the pleadings and argument presented by counsel, it is the opinion of this Court that Section 11-2(6) of the Virginia Code precludes the introduction of paragraph # 4 of the writing regarding roof repairs as a material alteration of the written lease.

The doctrine of partial performance does not prevent the statute's bar. The doctrine is available for equitable claims seeking specific performance or injunctive relief and not actions at law. Counsel for Defendant is directed to prepare an Order in accordance to this opinion.

Plaintiff/Tenant and Defendant/Landlord entered into a lease agreement dated January 10, 1986, whereby Defendant agreed to rent certain premises for a four-year period in consideration of monthly payments. An addendum provides that Plaintiff may exercise first right of refusal as to the purchase of said premises. Plaintiff failed to make timely payments.

A subsequent agreement (hereinafter "the writing") was drafted in June, 1986, which provided a mutual release of any and all liabilities accrued under the existing lease, amount due for the month of June, the amount due as past rent, repairs to be completed by defendant, and specified additional minor obligations. The writing was not signed and failed to identify the location of the rental property. Plaintiff seeks damages for "a loss of business and reputation, as well as embarrassment, humiliation and shame."

The following issues are of primary concern:

1. Whether Section 11-2(6) of the Virginia Code governs the writing.

2. Whether performance as plead by Plaintiff is sufficient to avoid the bar of the Statute.

The writing's apparent dual purpose, a mutual release and reinstatement of the existing lease with certain modifications, evades strict application of the Statute of Frauds. Whether the writing is characterized as an agreement for a lease, a completed lease, subsequent modification, or release agreement determines the applicability of Section 11-2(6).

A completed lease, as distinct from an agreement for a lease, need not be either written or signed. *Smith v. Payne*, 153 Va. 746 (1930). Section 11-2 also fails to require that a release agreement be in writing and signed by a party to be charged. However, subsequent amendments which vary the terms of the initial agreement for the lease of land are subject to the Statute of Frauds. *See generally, Heth's Executor v. Wooldridge's Executor*, 27 Va. (6 Rand.) 605 (1828).

In *Smith v. Payne*, a subsequent parol lease was accompanied by contemporaneous possession. The term of the initial written lease agreement had expired. On appeal, the court reversed the lower court's decision that the parol agreement was governed by clause 6 of the Statute of Frauds and stated as follows:

> Clause 6 deals with agreement for a lease, and not with a completed lease at all.
>     Judge Saunders, in *Great Atlantic & Pacific Tea Co. v. Cofer*, 129 Va. 640, 106 S.E. 695, 697, said: "A contract for a lease and an actual present demise are essentially different." *Id.*, 153 Va. 746, 757 (1930).

The Court need not consider whether the writing evidences either a completed lease or an agreement for a lease, as the writing fails to provide the essential terms or even describe the property subject to the agreement. A lease is "a conveyance of lands or tenements (usually in consideration of a rent or other annual or periodical recompense) for life, for years, or at will, but always for a time less than the lessor hath in the premises." *Id.*, 153 Va. 746, 757 (1930), citing Minor on Real Property Section 1124. A lease must specify the term for which the rental agreement applies and adequately describe the location of the property. *See generally*, 11B M.J., *Landlord and Tenant*, Section 8.

Although the writing fails to evidence a lease, several provisions modify the terms of the initial written lease. Paragraph # 3 of the writing temporarily permits tenant to operate the electricity in Landlord's name in apparent conflict with paragraph # 7 of the initial lease. Paragraph # 4 of the writing shifts the responsibility of roof repairs to the landlord in contradiction to paragraph # 9 of the initial lease.

The remaining provisions of the writing do not modify the terms and may be construed as severable clauses which are not required by the statute to be written and signed. Paragraphs # 1 and # 2 of the writing stipulate rent due for the month of June and previous months in accordance with the initial lease. Paragraph # 6 of the writing

provides for a mutual release of liabilities accrued pursuant to the initial lease.

In general, "where an original agreement comes within provisions of the statute of frauds requiring certain agreements to be in writing, the statute of frauds renders invalid and ineffectual a subsequent oral agreement changing the terms of the written contract." 72 Am. Jur. 2d *Statute of Frauds*, Section 274 (1974). The statute bars the provisions which *materially* vary the prior written agreement. *Moyer v. Ellis*, 167 Va. 213, 218 (1936). Hence, the statute solely precludes paragraph # 4 of the writing as a material alteration of the initial lease paragraph # 4 sought to shift the responsibility for roof repairs to the landlord. The remaining provisions are not within the scope of Section 11-2(6).

The remaining issue is whether partial performance may prevent the bar of the statute. In general, "Part performance of an oral lease or an oral contract for a lease may be such as to take the transaction out of the operation of the statute and permit either specific performance of the lease or contract or injunctive relief to protect rights thereunder." 73 Am. Jur. 2d, *Statute of Frauds*, Section 473 (1974).

Counsel for the defendant accurately stated that partial performance does not preclude an agreement from the statute's protection for actions at law for breach of contract citing *Marchiafava, Inc. v. Haft, et al.*, 777 F.2d 942 (4th Cir. 1985). In *Marchiafava, Inc. v. Haft, et al.*, plaintiff sought damages for breach of an oral agreement not to lease space to competing businesses. The Court noted, "The doctrine of part performance is not available in Virginia in such actions at law for damages for breach of contract to take an oral agreement out of the statute of frauds." *Id.*, 777 F.2d 942 (4th Cir. 1985), citing *Porter v. Shaffer*, 147 Va. 921 (1926), and *Ricks v. Sumler*, 179 Va. 571 (1942).

In *Marchiafava, Inc. v. Haft, et al.*, the Court held:

> Because the doctrine of part performance does not operate in actions at law for damages for breach of an oral contract to take the contract out of the statute of frauds, the district court committed error in ruling that the doctrine

took the oral agreement in question out of the statute of frauds. *Id.*, 777 F.2d 942 (4th Cir. 1985).

Even assuming that plaintiff partially performed, the statute precludes paragraph # 4 of the writing as evidence. The amended Bill of Complaint altered the nature of Plaintiff's claim to that of an action at law. Plaintiff seeks damages for tortious interference with his business and commercial disparagement. The alleged tortious conduct arose from the contractual relationship. At law, the court is unable to invoke the doctrine of partial performance.