## CIRCUIT COURT OF HENRICO COUNTY

B. H. Cobb Lumber Co., Inc.,
Cobb Lumber Co.,
Clifton Enterprises,
and Baugh, L.L.C.

v.

Texaco, Inc.,
Motiva Enterprises, L.L.C.,
and Equiva Services, L.L.C.

June 20, 2002

Case No. CL00-1655

BY JUDGE CATHERINE C. HAMMOND

This matter is before the Court for entry of Judgment following a trial by jury. The jury found for the plaintiff lessor, Baugh. The parties now disagree on whether the defendants, the tenant, can remove buildings, improvements, fixtures, equipment, and other property ("the improvements") that the tenant placed on the leased premises.

The facts have already been tried. The parties entered into a written lease for a fifteen-year term. (Plaintiffs Exhibit No. 1.) The tenant operated a gasoline service station on the premises. The fifteen-year term ended on January 31, 1999, but the tenant remained in possession with Baugh's consent. On June 19, 2000, Baugh gave written notice to terminate the lease. (Plaintiffs Exhibit No. 25.) The termination date was August 1, 2000. Defendants remained in possession, believing that they had fulfilled the contractual requirements to renew or extend the lease term.

On November 8, 2000, Baugh filed this Motion for Judgment alleging that the tenant refused to vacate and that its possession was wrongful. Baugh did not seek money damages. It prayed for an order "finding that the Lease

terminated, that Texaco and its successors in interest have no right to possession of the Premises, that possession of the Premises be returned forthwith, and that the plaintiffs recover their costs herein expended." The jury heard extensive evidence about the relationship of the parties and the fact that the defendants remained in possession and paid rent to Baugh. Instruction No. 4 specifically directed the jury to consider whether the defendants "gave notice of the Lease extension to the Plaintiffs." The jury rejected the evidence that the tenant had extended the lease.

The defendants argue that they have occupied the premises as a holdover tenant from August 1, 2000, until today. They rely on Paragraph 20 of the lease, which defines holdover as a tenancy created when the "lessee shall holdover *for any reason*," . . . "at the expiration or termination of this lease. . . ." (Emphasis added.) This tenancy is "from month-to-month only [and] subject to all other terms and conditions" of the lease. Those other terms include Paragraph 4. It provides that the improvements are the tenant's property. The tenant has the right to "sever and remove" the improvements at any time. Paragraph 4 goes on to state the critical term, in the event of the lessee's failure to do so "within thirty (30) days *after the date of the termination of this lease*, such buildings and improvements not removed from said premises shall become the sole property of the lessor." (Emphasis added.) Under the defendants' theory of the case, this thirty-day period will begin to run on the date judgment is entered in this case.

The plaintiffs argue that the tenant has occupied the premises as a trespasser since August 1, 2000. Under their theory of the case, the thirty days began to run on August 1, 2000, and the tenant forfeited ownership of the improvements on September 1, 2000.

After carefully considering the arguments and reading all of the cases cited in post-trial memoranda, the Court rejects the defendants' interpretation of the lease. That interpretation essentially would allow the existence of litigation to operate as a stay of the parties' contractual rights and duties. Nothing in the lease expressed an intent that a disagreement over the meaning of the contract would extend the tenancy. Further, Baugh's conduct showed unequivocal objection to the tenant's continued possession. This defeats the claim that there was a holdover tenancy.

At common law, a holdover tenancy was one allowed by the landlord. *Warehouse Distributors, Inc. v. Prudential Storage and Van Corp.*, 208 Va. 784, 788, 161 S.E.2d 86 (1968); *Smith v. Payne*, 153 Va. 746-55, 752, 151 S.E. 295 (1930). It is a situation where the law implies a contract on the part

of the tenant to remain and pay rent on the same terms as before. *Warehouse Distributors, Inc.*, 208 Va. at 788; *Smith v. Payne*, 153 Va. at 755. But the landlord can elect. He can either evict the tenant, or permit him to remain, thereby converting the occupancy into another form of tenancy. 153 Va. at 755. The evidence that Baugh sent notice of termination for August 2000 and then sued in November 2000 to recover possession shows that the holdover was not permitted. If Paragraph 20 were interpreted to mean that the tenant could become a holdover tenant in lawful possession over the landlord's objection, and after suit is filed, it would give the tenant a veto power not granted in the contract and not recognized at law. When the defendants remained in possession after August 1, 2000, they immediately became a tenant at sufferance, which relationship describes a wrongful holding over. *Warehouse Distributors, Inc.*, 208 Va. at 787-88. Baugh immediately expressed objection by filing and prosecuting this suit. Accordingly, the tenancy at sufferance continues to this day.

The lease terminated on August 1, 2000. This question of fact was the primary issue submitted to the jury. The defendants' evidence that they extended the lease was fully presented, and the jury decided that the lease was not extended. Paragraph 4 gives the tenant thirty days after "*the date of termination*" of the lease to remove the improvements. When the tenant did not remove the improvements by September 1, 2000, they became the "sole property of the lessor."