## CIRCUIT COURT OF THE CITY OF NORFOLK

Flamingo Lounge
and Restaurant, Inc.

v.

Pure Gold Gentlemen's Club
and Sports Bar, L.L.C., et al.

September 23, 2003

Case No. (Law) CL02-2883

BY JUDGE JOSEPH A. LEAFE

The parties came before the court on August 12, 2003, to argue the merits of defendants' motions craving oyer and demurrers. The court granted the defendants' motion craving oyer but withheld ruling on certain grounds of defendants' demurrers until such time as plaintiff supplied documents in response to the motions craving oyer. Having reviewed plaintiff's documents purportedly establishing a lease agreement, the court is now prepared to rule on defendants' remaining grounds for demurrer.

Namely, defendants' demurred on the grounds that plaintiff did not satisfy the statute of frauds for the lease agreement plaintiff alleged existed and on the ground that plaintiff did not comply with § 55-2 of the Code of Virginia. The court agrees with defendants on these issues and sustains their demurrers on these grounds. As a result, plaintiff's causes of action based on breach of the lease agreement are dismissed.

## Factual Background

Plaintiff Flamingo Lounge & Restaurant, Inc. (Flamingo) entered into a lease agreement for 3822-24 Hampton Boulevard (the premises) with Roy Scott on May 1, 1998, that was to be effective until September 30, 2008. (Second Am. Mot. for J. ¶¶ 2, 3.) Roy Scott sold the property in question to Tommy and Krista Arney in November 2001. (Second Am. Mot. for J. ¶ 1.) The status of any lease agreement between Flamingo and the Arneys is the subject of the current litigation. The Roosevelt Group, L.L.C. (Roosevelt), Flamingo's sole owner, hired Brian Mills on December 27, 2001, to serve Flamingo in a management capacity. (Second Am. Mot. for J. ¶ 9.) Flamingo represents that Roosevelt assigned its breach of contract action against Mills to Flamingo subsequent to the commencement of this litigation. (Second Am. Mot. for J. ¶ 8.) It is Flamingo's position that Mills conspired with the Arneys to exclude Flamingo from the leased property and usurp its business, embezzling funds from Flamingo in the process. (Second Am. Mot. for J. ¶¶ 10, 11.) The Arneys excluded Flamingo from the premises on September 9, 2002, and the exclusion continues to the present day. (Second Am. Mot. for J. ¶¶ 12, 13.) JSB, Inc., t/a Pure Gold Gentlemen's Club & Sports Bar (JSB) was incorporated by Mills, who is also the corporation's president. Flamingo alleges JSB is the club that was created to wrongfully take Flamingo's place on the premises. (Second Am. Mot. for J. ¶ 20.)

Flamingo brings this action against JSB, Mills, and the Arneys, alleging breach of right to quiet enjoyment and breach of commercial lease, civil conspiracy conversion of property, breach of management contract, and breach of fiduciary duty. Defendants filed motions craving oyer and demurrers.

## Standard on Demurrer

In evaluating a demurrer, the court takes as true all material facts expressly and impliedly alleged in a motion for judgment, as well as all reasonable inferences that can be drawn therefrom. *Riverview Farm Assocs. Va. Gen. P'ship. v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000). Plaintiff's motion for judgment need not be perfect, and a demurrer is not proper if defendant desires simply more details or a more definite statement. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).

## Discussion

### A. *Statute of Frauds*

Virginia requires, by statute, compliance with the statute of frauds for any lease of real estate for a period greater than one year. Va. Code Ann. § 11-2(6) (1999). Furthermore, the merits of a statute of frauds bar may be considered by the court on demurrer. *See Falls v. Virginia State Bar*, 240 Va. 416, 397 S.E.2d 671 (1990). While Flamingo alleges a lease whose duration is greater than a year, it has not complied with the statute of frauds. The writings provided in its response to defendants' motions craving oyer are insufficient.

Flamingo argues that, despite the lack of a written lease agreement with the Arneys, the doctrine of part performance takes the lease outside of the scope of the statute of frauds. However, to successfully rely on the doctrine of part performance, the plaintiff must rely on his own actions and "those acts must be such as could be done with no other view or design than to perform the agreement." *Williams v. Heller Bros. Realty*, 299 Va. 55, 57, 326 S.E.2d 661 (1985). While Flamingo paid monthly rental payments to the Arneys, only five months of which are documented by some sort of receipt or other written evidence, and made some improvements to the premises, it cannot be said that these actions are consistent with *no other theory* than a lease agreement between the parties which was to last until 2008. (Second Am. Mot. for J. 8.) It follows that part performance does not take the alleged lease agreement outside of the scope of the statute of frauds. Thus, since Flamingo has not provided written evidence, signed by the Arneys, which includes necessary material terms of the contract, the statute of frauds defeats Flamingo's claim for breach of the lease agreement. Accordingly, defendant's demurrer on this issue is sustained.

### B. *Lease Greater than Five Years*

Virginia's statute of conveyances necessitates that all estates in land, including leases, for a period greater than five years be conveyed by deed or will. Va. Code Ann. § 55-2 (2003); *see Smith v. Payne*, 153 Va. 746, 151 S.E. 295 (1930). Flamingo asserts that its lease agreement with the Arneys commenced December 2001 and was to be of the same duration as the lease with the prior owner, Scott. (Second Am. Mot. for J. ¶ 5.) The lease with Scott began May 1, 1998, and was to last for ten years, expiring September 30,

2008. (Second Am. Mot. for J. ¶ 3.) Using the facts as they are alleged by plaintiff Flamingo, the lease with the Arneys was to be for more than five years, and, therefore, must be evidenced by a deed or will. Flamingo has neither pleaded the existence of nor produced a deed or will evidencing the lease. Thus, in addition to the statute of frauds, Flamingo's claim for breach of lease agreement is defeated by the statute of conveyances, and defendants' demurrer on this ground is consequently sustained.

### Conclusion

Flamingo's breach of the lease agreement is defeated by both the statute of frauds, as codified by § 11-2 of the Code of Virginia, and by the statute of conveyances, as codified by § 55-2 of the Code of Virginia. Defendants' demurrers based on these grounds are sustained.